# **IMPORTANT NOTICE**

**REQUIREMENT TO FILE "DISCLOSURE STATEMENT"
PURSUANT TO FED.R.CIV.P. 7.1**

Attorneys representing nongovernmental corporate parties are reminded of their duty, pursuant to Fed.R.Civ.P. 7.1(a), to file a disclosure statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or state that there is no such corporation.  A party must file the Rule 7.1(a) disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and promptly file a supplemental statement upon any change in the information that the statement requires.

A form "Disclosure Statement pursuant to Fed.R.Civ.P. 7.1" is available on the court's website @ www.pamd.uscourts.gov

When electronically filing the "Disclosure Statement" in the court's electronic case filing system, filers are to use the filing event titled "Disclosure Statement Pursuant to FRCP 7.1 (Parent Corporations)" listed under Other Filings, Other Documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Philip Long, et al. | : | **CIVIL ACTION NO.**  1:09-CV-0602 |
| Plaintiffs | : | |
| v. | : | |
| James Holtry, et al. | : | |
| Defendants | : | |

## CASE MANAGEMENT ORDER

    1. **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER**. For the convenience of counsel, a schedule of important dates follows, however, details regarding said dates/deadlines are contained in the body of this order:

| | |
|---|---|
| Jury Selection/Trial Date | September 7, 2010 |
| Fact Discovery Deadline | April 2, 2010 |
| Dispositive Motions & Supporting Briefs | June 25, 2010 |
| Motions in Limine & Supporting Briefs | July 5, 2010 |
| Motions in Limine Response | July 15, 2010 |
| Motions in Limine Reply | July 22, 2010 |
| Pretrial Conference | August 12, 2010 @ 10:00 a.m. |
| Pretrial Memoranda | August 5, 2010 |
| Plaintiffs' Expert Report(s) | April 23, 2010 |
| Defendants' Expert Report(s) | May 21, 2010 |
| Supplemental/Rebuttal Expert Reports | June 2, 2010 |
| Proposed Voir Dire Questions | August 5, 2010 |
| Proposed Jury Instructions | August 5, 2010 |

    2. Counsel are encouraged to consent to the disposition of this case by the United States magistrate judge pursuant to 28 U.S.C. § 636c).

    3. The captioned case is placed on the September 2010 trial list. Jury selection for trials on the September 2010 list will commence at 9:30 a.m. on September 7, 2010 in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trials will commence following the completion of jury selections. Counsel

should note that criminal matters take priority and may delay the beginning of the civil trial list. Counsel may contact the court one week prior to the scheduled jury selection to determine the approximate starting date. However, counsel should be aware that the trial list may change drastically; therefore, counsel shall be prepared to go to trial at any point during the trial term.

    4. The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure. The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference. Counsel shall not mutually agree to extend any time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court. **Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5. All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3). Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.**

    5. DISCOVERY:

        (a) Counsel shall note that this district has **not** opted-out of Federal Rule of Civil Procedure 26. The joint case management plan contemplates discovery prior to the Rule 26(f) meeting and is, therefore, deemed to be an exception to the limitation on discovery contained in the first sentence of Rule 26(d). Counsel shall not cease active discovery pending disposition of a motion to dismiss.

        (b) All discovery shall be completed by <u>April 2, 2010</u>, and shall be completed by the parties expeditiously and diligently. **In the event that discovery disputes**

**arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions.** Parties who are having, or anticipate having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports **in time to meet the deadline**.

6. MOTIONS:

(a) Dispositive motions <u>and</u> supporting briefs must be filed by <u>June 25, 2010</u>. Briefs in support, in opposition and in reply to summary judgment motions may be up to 15 pages in length, pursuant to Middle District Local Rules. In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate briefs. Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

(b) Motions <u>in limine</u> **and** supporting briefs shall be filed no later than <u>July 5, 2010</u>. Responsive briefs are due no later than <u>July 15, 2010.</u> Reply briefs are due by <u>July 22, 2010</u>. Motions to exclude expert testimony, which require a <u>Daubert</u> hearing, shall be filed no later than thirty days of receipt of the expert report.

7. PRE-TRIAL MATTERS:

(a) A pretrial conference will be held on <u>August 12, 2010</u> at <u>10:00 a.m.</u> in the chambers of Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. **Counsel as well as litigants must be present at this conference in order to have effective settlement discussions.**

(b) Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

(c) On or before <u>August 5, 2010</u> each party shall file through the Clerk of Court, a pretrial memorandum; said filing shall otherwise be in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f). **Points for Charge shall be submitted with the pre-trial memoranda.** In all other respects, the points for charge shall be in conformity with Local Rule 51.1. Voir dire questions shall be made part of the pretrial memorandum.

(d) Plaintiff's expert report shall be filed on or before <u>April 23, 2010</u>.

(e) Defendant's expert report deadline shall be on or before <u>May 21, 2010</u>.

(f) Supplemental/Rebuttal reports are due on or before <u>June 2, 2010</u>.

(g) The deadline for joinder of parties is <u>December 1, 2009</u>.

(h) The deadline for amendment of pleadings is <u>December 1, 2009</u>.

(i) If counsel file trial briefs they must be filed two (2) working days prior to commencement of the trial list.

(j) In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement. Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States Magistrate in conducting a formal settlement conference.

(k) **<u>THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3</u>**. This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Counsel

who will try the case shall attend the Rule 16.3 pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case. Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(l) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.  A copy of the local rules may be obtained from the Clerk of the Court by writing:  Clerk of Court, Federal Building, P. O. Box 983, Harrisburg, Pennsylvania 17108-0983.

(m) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.  Counsel for the defendant shall be required to identify any legal defenses he/she expects to make.  It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprized of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

 (n) No later than the pretrial conference counsel shall notify the court if they wish to employ the summary jury trial procedure.  The following procedures will apply to all summary jury trials:

>   (i) **Attendance of Parties**.  Individual parties shall attend the summary jury trial. An officer or other responsible lay representative of a corporate party or a claims adjuster for a

carrier of said corporate party shall attend the trial.

(ii) **Non-Binding Effect**. The summary jury trials are for settlement purposes only and are non-binding. Nothing done by counsel with reference to the summary jury trial shall be binding on counsel or the parties or shall constitute a waiver. Although the proceedings are non-binding, counsel may stipulate that a consensus verdict of the jury will be deemed a final determination on the merits and the judgment may be entered thereon by the court, or they may stipulate to any other use of the verdict that will aid in the resolution of the case.

(iii) **Special Verdict Questions**. The cases will be submitted to the summary juries by way of special verdict questions. Counsel shall submit a joint statement of proposed special verdict questions for use at the summary jury trial to the law clerk at the pretrial conference. Special verdict questions for the summary jury trial need not be the same as those for the regular jury trial.

(iv) **Size of Juries**. The summary juries shall consist of six jurors who may proceed through deliberations so long as at least five jurors are present. In two-party cases, each side shall be entitled to two peremptory challenges. In multiple-party cases, if any party feels that more than two peremptory challenges per side should be allowed, he or she shall make such a request orally at the pretrial conference and the court will determine the number of peremptory challenges to be allowed in the case.

(v) **Presentation of the Case by Counsel**. Prior to trial, counsel are to confer with regard to physical exhibits, including documents and reports, and reach such agreement as is possible as to the use of such exhibits. Objections are not encouraged, but will be received if, in the course of a presentation, counsel goes beyond the limits of propriety in presenting statements as to evidence or argument thereon. Each side shall be entitled to one hour for presentation of its case. Presentation of the case by counsel will involve a combination of argument, summarization of the evidence to be presented at the regular trial and a statement of the applicable law, but only to the extent it is needed to be known by the jury in answering the special verdict questions. No live testimony will be presented. Counsel may quote from depositions and may use exhibits. Counsel shall not refer to evidence which would be inadmissible at trial.

(vi) **Applicable Law**.  At least five days prior to the summary jury trial counsel shall consult with each other in an attempt to agree upon the applicable law.  If after such consultation there is a dispute between counsel as to the applicable law to be stated to the summary jury, counsel shall submit points for charge for use in the summary jury trial relating to such dispute as if the court were going to charge the summary jury.  Such points for charge shall be submitted <u>at least 2 days before</u> the start of the summary jury trial and the court will rule on the conflicts between the parties as to the applicable law immediately before the start of the summary jury trial.

(vii) **Verdict**.  The jury is encouraged to return a unanimous verdict.  Barring unanimity, the jury is to submit a special verdict consisting of an anonymous statement of each juror's findings on liability and/or damages.  A majority verdict shall be acceptable.  The same majority need not answer each special verdict question.

(viii) **Oral Questions to Summary Jury**.  After the verdict counsel may address questions in open court to the foreperson of the jury in order to learn why the jury decided as it did.  Only leading questions which are susceptible of a yes or no answer or a dollar figure may be asked.  The foreperson shall be entitled to decline to answer any question put to him or her.  Counsel should realize that lay people normally are nervous when speaking from the jury box and counsel should phrase and present questions such that the foreperson will not feel that he or she is being harassed.  No question shall be asked which would require an answer disclosing the personal view of any jury member.

Unless specifically ordered by the court, the proceedings are not recorded.  Counsel may, if desired, arrange for a court reporter.

8. Counsel and <u>pro se</u> litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 920, Federal Building, Harrisburg, PA 17108.  Do not send courtesy copies directly to the court unless requested by the court.

9. If the parties intend to use depositions at trial in place of live testimony, said depositions shall be taken and transcribed so that the court can resolve any objections in the case where objections cannot be resolved among counsel. In such a situation, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

10. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

11. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including related postage costs, mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to avoid calling in a jury. *To effect this purpose, and except for exigent circumstances, notice of such settlement or requests for continuances must be given no later than **two weeks** prior to the scheduled jury selection date.*

\*Pre-Trial Memorandum format is located on our website at: www.pamd.uscourts.gov

Dated: October 29, 2009         /s/ SYLVIA H. RAMBO,
                                United States District Judge

cc: Judge Sylvia H. Rambo
    Matthew Weisberg, Esq.
    David Schwalm, Esq.